UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Moses Einhorn,

                        Plaintiff,            Civil Action No.:_____

      v.                                 **13 CV 290..**

Portfolio Recovery Associates, LLC,        **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

                        Defendant(s).
------------------------------------------------------------------X

      Plaintiff Moses Einhorn ("Plaintiff" or "Einhorn"), by and through his attorneys, Pomerantz & Pomerantz, PLLC, as and for his Complaint against Defendant Portfolio Recovery Associates, LLC ("Defendant" or "Portfolio"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

2.     Plaintiff is a resident of the State of NY, Rockland County, residing at 35 South Cole Ave., Spring Valley, NY 10977.

3.     Defendant is a collection agency with a principal place of business at 120 Corporate Blvd., Norfolk, VA 23502 and, upon information and belief, is licensed to do business in the State of NY.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. Sec. 1367 (a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391 (b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. Plaintiff is a consumer as defined by the FDCPA.

8. Paragon is a "debt collector" as the phrase is defined and used in the FDCPA.

9. Upon information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

10. On or about the February 26, 2013 Defendant contacted Plaintiff by phone and attempted to collect the debt.

11. Plaintiff informed Defendant that he was the wrong party and that his social security number did not match the social security number associated with the alleged debtor.

12. Plaintiff demanded that Defendant cease its collection efforts from Plaintiff.

13. Defendant continued to harass Plaintiff by calling Plaintiff numerous times at his home and on his cell phone in an attempt to have Plaintiff pay a debt he did not owe despite the fact that Plaintiff established that he not the party who owed the alleged debt.

14. Said failure on the part of Defendant is a violation of the FDCPA, 15 U.S.C. § 1692d, which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

15. Said failure on the part of Defendant is a violation of the FDCPA, 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

16. Upon information and belief, Defendant never sent Plaintiff the validation notice required under the FDCPA.

17. Said failure was a violation of FDCPA, 15 U.S.C. § 1692g.

18. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692d, 15 U.S.C. §1692e and 15 U.S.C. §1692g.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

22.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Moses Einhorn demands judgment from the Defendant Portfolio Recovery Associates, LLC as follows:

A. For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated:  Monsey, New York
        April 30, 2013

                                        Respectfully submitted,

                                        By: s/ Aryeh L. Pomerantz
                                            Aryeh L. Pomerantz, Esq.
                                        Pomerantz & Pomerantz
                                        3 College Road
                                        Suite 102
                                        Monsey, NY 10952
                                        Tel.(845) 547-2600
                                        Fax (845) 547-2601
                                        aryeh@pom-law.com